[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11569
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20611-JAL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRENCE WILLIAMS,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 11, 2018)

Before MARTIN, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Terrence Williams pled guilty to one count of possessing a firearm and

ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district

court determined the appropriate Sentencing Guidelines range to be 46-57 months' imprisonment, based on a criminal history category of IV and an offense level of 19. Mr. Williams does not dispute these calculations. Rather, Mr. Williams appeals as substantively unreasonable the district court's imposition of a 72-month sentence, after the court concluded that the factors under 18 U.S.C. § 3553(a) warranted an upward variance from the advisory guidelines range, despite the parties' joint recommendation for a 57-month sentence. The district court did not abuse its discretion, however, in determining Mr. Williams' sentence, and the sentence is not substantively unreasonable. We affirm.

## I

We review the substantive reasonableness of a sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). These factors include, among others, the nature and circumstances of the offense, and the history and characteristics of the defendant, *see* § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of, and provide just punishment for, the offense, and to promote respect for the law. *See* § 3553(a)(2)(A). A sentencing court must restrict the sentence to that which is

2

"sufficient, but not greater than necessary," to comply with the purposes set forth in § 3553(a)(2). § 3553(a).

A district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). However, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. We will reverse "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Rodriguez*, 628 F.3d 1258, 1264-65 (11th Cir. 2010).

## II

On October 15, 2015, Mr. Williams was pulled over by a police officer after nearly causing an auto accident. Upon asking for Mr. Williams' license and

3

registration, the officer smelled marijuana coming from the vehicle. The officer advised Mr. Williams of the odor and asked him to exit the vehicle. In response to the officer's questions regarding whether there was anything illegal in the vehicle, Mr. Williams identified a baggie of marijuana in the driver's side door. The officer then searched the vehicle, and also discovered a loaded Walther P22 pistol in the center console between the two front seats, as well as a loaded Sig Sauer 9mm pistol in the spare-tire compartment of the trunk. The serial numbers of the two firearms indicated that both had been reported stolen.

Because Mr. Williams was a convicted felon, he was charged with violating § 922(g)(1). Mr. Williams faced a statutory maximum sentence of 120 months. *See* 18 U.S.C. § 924(a)(2). The government and Mr. Williams jointly recommended a sentence of 57 months, the top end of the applicable advisory guidelines range. The district court instead imposed a sentence of 72 months.

### III

"The district court has wide discretion to decide whether the section 3553(a) factors justify a variance," *Rodriguez*, 628 F.3d at 1264, and "[s]entences outside the guidelines are not presumed to be unreasonable." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). Here, the district court emphasized three factors in justifying the upward variance of Mr. Williams' sentence. We find no unreasonableness in any of these factors.

4

First, Mr. Williams asserts that the district court improperly considered his criminal history, particularly his 2005 convictions for second-degree murder and attempted murder, both of which involved a firearm. Mr. Williams served eleven years in prison for these convictions, and was released in January 2015 (less than ten months before his arrest for the current offense). In considering the nature and circumstances of the offense and the characteristics of the defendant, the district court stated "what is most concerning to the Court is that he has a second-degree murder conviction . . . He killed another human being with a firearm. And . . . he also attempted to kill another person, possessing a firearm." Mr. Williams claims that this consideration was improper because that second-degree murder felony conviction was already taken into account under the advisory Sentencing Guidelines.

"[N]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Amedeo*, 487 F.3d at 833 (quoting 18 U.S.C. § 3661). The Guidelines specifically contemplate sentencing courts considering "prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions" as justification for departing from a calculated criminal history category, *see* U.S.S.G. §4A1.3(a)(2)(B), and the same

5

considerations may serve to justify an upward (or downward) variance. It is of no matter that the prior offense might be considered twice.

Second, Mr. Williams also argues that the district court relied on improper factors when it considered the seriousness of the offense. The district court showed special concern that (1) Mr. Williams had not just one, but two firearms; (2) both firearms were stolen; and (3) the firearms were loaded. Mr. Williams correctly notes that the Sentencing Guidelines already take into consideration multiple firearms, and only provide for an enhancement if three or more are involved. *See* U.S.S.G. §2K2.1(b)(1). He also correctly notes that he received a 2-level enhancement because the guns were stolen, under U.S.S.G. §2K2.1(b)(4)(A). Mr. Williams argues that because these factors contributed to the advisory Guidelines range, it was improper for the district court to consider them again in justifying an upward variance. He also posits that because the Guidelines do not provide for an enhancement if the firearms are loaded, they do not consider that factor to be important for sentencing, and the district court should not have considered it either.

Mr. Williams' arguments, however, do not accurately reflect the law. "A district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement." *Rodriguez*, 628 F.3d at 1264. And "there is no requirement that a district court must impose an enhancement before granting a variance." *Id*. Thus, in *Rodriguez* we affirmed the district court's upward

6

variance, which it based partially on the factor that there were multiple victims, even though it had not imposed the 2-level enhancement provided for that factor by the Guidelines under § 2B1.1(b)(2)(A)(i). *See id*. And in *Amedeo*, we found no error or abuse of discretion where the district court relied on factors to justify its upward variance which had already served to support an enhancement. *See Amedeo*, 487 F.3d at 833-34 (concluding "it was reasonable for the district court to rely on certain aspects of Amedeo's conduct . . . that it had already considered in imposing an enhancement"). Hence, the district court could reasonably impose an upward variance because the guns were stolen, even though that factor had already supported a 2-level enhancement. Likewise, even though the Guidelines did not provide an enhancement for the involvement of two firearms, the district court could reasonably rely on that factor to impose an upward variance.

The district court was also well within its discretion to consider the fact that the guns were loaded, even though that was not an element of the offense and did not serve as an enhancement under the Guidelines. Mr. Williams had served eleven years for convictions of second-degree murder and attempted murder, both of which involved firearms, so the court's concern over the guns being loaded reasonably correlated to its duty to ensure that the sentence imposed "reflect the seriousness of the offense" and "protect the public from further crimes of the defendant." *See* § 3553(a)(2).

Third, the district court considered the short time span it took for Mr. Williams to commit another crime, concerned that "a little over nine months" after being released from prison for murder and attempted murder involving firearms, "he is in possession of two stolen firearms, one of which was loaded and in the console next to him." In addressing the need to promote respect for the law, the court stated: "Mr. Williams should have come out of prison and the last thing he should have done was be anywhere near a firearm, and yet he has two, two stolen firearms, one of which is loaded." Respecting the need for the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, the court continued: "It is disturbing to me that nine months – a little over nine months later after being released from prison for second-degree murder and attempted murder, this Defendant is in possession of a loaded firearm next to him in a car." The district court was justified in its apprehension over Mr. Williams' swift recidivism, and we can ascertain no abuse of discretion in the district court's consideration of this factor in imposing an upward variance. *See Shaw*, 560 F.3d at 1239-40 (affirming upward variance and noting that "recidivism was the single most important factor in the court's decision to vary upward from a guidelines range of 30 to 37 months to a sentence of 120 months").

8

In addition to these three factors, Mr. Williams argues that the district court stated incorrectly, and without evidentiary support, that he was "stoned" when the police officer pulled him over. He maintains that this single statement contributed to the district court improperly evaluating the seriousness of the crime. Although the statement might be a bit overstated, however, the district court could have inferred that Mr. Williams had been smoking marijuana based on the police officer's testimony that he smelled burnt marijuana. We are not persuaded that the district court relied on an improper factor based on this single statement.

Finally, Mr. Williams argues generally that the variance is substantively unreasonable because of the relative increase in the sentence of greater than 25 percent, compared to the recommended sentence of 57 months. We have, however, affirmed similar and even greater relative increases in sentences based on the unique characteristics of a crime and defendant and the § 3553(a) factors. *See, e.g., Rodriguez*, 628 F.3d at 1265 (affirming maximum statutory sentence of 12 months despite advisory guidelines range of 0-6 months); *Shaw*, 560 F.3d at 1238-41 (affirming maximum statutory sentence of 120 months despite advisory guidelines range of 30-37 months); *Amedeo*, 487 F.3d at 832-34 (affirming 120-month sentence despite advisory guidelines range of 37-46 months); *United States v. Valnor*, 451 F.3d 744, 750-52 (11th Cir. 2006) (affirming 28-month sentence despite advisory guidelines range of 15-21 months).

Indeed, in *Shaw*, which bears notable similarities to the present case (a defendant with a long and serious criminal history charged as a felon in possession of a firearm), the defendant was sentenced to a term 48 months *greater* than was Mr. Williams, while his advisory guidelines range was 16-20 months *less* than Mr. Williams, and he had served far less prior time in prison than had Mr. Williams. *See Shaw*, 560 F.3d at 1232-35.

We also note that Mr. Williams received a sentence far less than the statutory maximum. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (affirming sentence and suggesting that a sentence "well below the maximum [ ] sentence available" is an indicator of reasonableness); *Valnor*, 451 F.3d at 751-52 (same). The district court explicitly weighed Mr. Williams' troubled childhood, his substance addictions, and his recent attempts to reintegrate himself into society through employment and education, and made it clear that it would have sentenced him much higher if not for these mitigating circumstances.

Further, the fact that the government and the defendant jointly recommended a length of sentence does not diminish the district court's discretion to impose an upward variance based on its assessment of the case and the § 3553(a) factors. *See, e.g., Valnor*, 451 F.3d at 745-46 (affirming upward variance despite government and defendant jointly recommending "that Valnor be sentenced at the low end of the Guidelines range determined by the court").

10

## III

The district court did not abuse its discretion in determining Mr. Williams' sentence. It properly determined the appropriate guidelines range, and considered that range. It then considered all of the § 3553(a) factors in light of the particular facts and circumstances of this case. The district court detailed its reasons for varying upward from the applicable guidelines range, which reasons are supported by the record. Accordingly, we affirm Mr. Williams' sentence.

**AFFIRMED.**